**EXHIBIT A (5)**

CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| SHAKIARA GRIFFITH<br>4132 E. Joppa Rd., Ste. 110-1256<br>Baltimore, MD 21236, | * | |
| *Plaintiff,* | * | |
| v. | * | |
| BALTIMORE COUNTY, MARYLAND,<br>Serve on:   James R. Benjamin Jr.<br>County Attorney<br>400 Washington Avenue<br>Towson, MD 21204, | *<br><br>*<br><br>* | Case No.: C-03-CV-23-000793 |
| *Defendant.* | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Shakiara Griffith, Plaintiff, by John B. Stolarz, her attorney, sues Baltimore County, Maryland, Defendant, and states:

1. Shakiara Griffith, the Plaintiff herein, became employed by the Defendant, Baltimore County, Maryland, on January 14, 2008 as a Correctional Officer at Defendant's Detention Center, located at 720 Bosley Ave, Towson, MD 21204.

2. Throughout her career with the Defendant, Plaintiff met the legitimate expectations of her employer.

3. On April 4, 2021, while working on her shift, Plaintiff began experiencing a migraine headache and took a Motrin tablet which she obtained from another Correctional Officer.

4. Shortly after that, on April 4, 2021, the Plaintiff was randomly selected for urinalysis drug testing.

5. The random urinalysis test detected the Motrin which the Plaintiff ingested.

6. On, or about, April 14, 2021, Captain Andrew Chiddick Plaintiff's supervisor, accused the Plaintiff of violating Standards of Conduct 1.3.01, Article 22 and Article 25.

7. The basis of the accusation was that urinalysis test was positive for Butalbital, which was a component of the Motrin that Plaintiff ingested.

8. In spite of the fact that the Plaintiff was not abusing the medication and the medication did not impair her ability to function, Plaintiff was suspended and terminated on April 28, 2021.

9. Plaintiff avers that the infraction was minor and other similarly situated employees incurring discipline of similar severity, were not terminated.

10. Defendant did not question or discipline the employee who gave Plaintiff the Motrin tablet.

11. The Plaintiff was protected from disciplinary action because Defendant was aware that the Plaintiff experienced episodes of migraine headaches, a chronic serious health condition, because, on, or about, December 21, 2021 Plaintiff submitted to the Defendant a Certification for Health Care Provider for Employee's Serious Health Condition requesting intermittent leave for episodic bouts of migraine headaches under the Family Medical Leave Act, (FMLA), 29 U.S.C.§ 2611, *et seq.*

12. Plaintiff's termination, based upon the positive urine test was a pretext to retaliate against the Plaintiff for taking FMLA leave, which Defendant viewed as excessive.

13. Defendant has a history of unlawfully disciplining employees who take FMLA leave.

### COUNT ONE
### Violation of 29 U.S.C.§ 2611, et seq. (Family Medical Leave Act (FMLA)) Interference With FMLA Rights

14. The foregoing paragraphs are incorporated herein.

15. An employee who is unable to perform the essential functions of her position because of a serious health condition is entitled to a leave of absence under FMLA.

16. Plaintiff's migraine headache constituted a chronic serious health condition which qualified for coverage by FMLA because it was an ongoing medical condition, requiring periodic healthcare visits of at least twice a year, since about 2010, and causes episodic periods of incapacity.

17. In spite of the fact that the Plaintiff was suffering from a serious health condition, Defendant terminated the Plaintiff on April 14, 2021.

18. The Plaintiff qualified for coverage by FMLA on April 14, 2021 because she had been employed by the Defendant for over twelve months prior to seeking FMLA leave, and had been employed for at least 1,250 hours of service with the Defendant during the 12 month period preceding his termination.

19. Terminating the Plaintiff on April 14, 2021 because she took FMLA qualifying medical leave, constitutes unlawful interference with Plaintiff's rights under FMLA.

**Wherefore,** Plaintiff demands judgment against Defendant Baltimore County for an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and further relief as may be appropriate under the circumstances.

## COUNT TWO
### Violation of 29 U.S.C.§ 2611, et seq. (Family Medical Leave Act (FMLA)) Retaliation for Taking FMLA Leave

20. The foregoing paragraphs are incorporated herein.

21. Terminating the Plaintiff because she took FMLA leave also constitutes retaliation in violation of 29 U.S.C. § 2614.

22. The foregoing paragraph are incorporated herein.

23. As a result of Defendant's unlawful actions, the Plaintiff was damaged, as aforesaid.

**Wherefore,** Plaintiff demands judgment against Defendant Baltimore County for an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and further relief as may be appropriate under the

circumstances.

/s/ John B. Stolarz
John B. Stolarz
AIS No.: 7911010330
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200
(410) 372-0529 (fax)
stolarz@verizon.net

Attorney for Plaintiff

T:\a\5446\Pleadings\Complaint.wpd

## DEMAND FOR JURY TRIAL

Shakiara Griffith, Plaintiff, by John B. Stolarz, her attorney, demands a jury trial on all issues.

/s/ John B. Stolarz
John B. Stolarz

Attorney for Plaintiff